

FILED
DEC 30 2005
EDWARD J. KLECKER, CLERK
U.S. DISTRICT COURT - NORTH DAKOTA

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | |
|---|---|
| Gregory W. Wilhelm, ) | **Case No. A1-05-002** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Credico Inc., et al., ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT,
## WITH SUPPORTING BRIEF

### MOTION

The Plaintiff, Gregory W. Wilhelm (Wilhelm), respectfully moves for entry of partial summary judgment against the Defendants, Credico, Inc. (Credico) and Debbie Akovenko (Akovenko), on the issue of liability for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq*. In support of his motion, Wilhelm submits the brief that follows, as well as exhibits alluded to in the brief.

### BRIEF

### I. INTRODUCTION.

As will be demonstrated, the record shows that Credico tried to collect compound interest from Wilhelm. In North Dakota,

**GOSBEE LAW OFFICE**
103 3rd Avenue, N.W.
Mandan, ND 58554-3129
(701) 663-2225

creditors may not collect compound interest. NDCC §47-14-09(1). It is a FDCPA violation for a debt collector to even try to collect "any amount (including any interest, ... incidental to the principal obligation) *unless such amount is expressly ... permitted by law*." 15 U.S.C. §1692f(1), emphasis added.

This Court has described the following standards for evaluating summary judgment.

> It is well-established that summary judgment is appropriate when, viewed in a light most favorable to Credico, there are no genuine issues of material fact and Wilhelm is entitled to judgment as a matter of law. A fact is "material" if it might affect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for Credico.
>
> The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Wilhelm has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If Wilhelm has met this burden, Credico cannot simply rest on the mere denials or allegations in the pleadings. Instead, Credico must set forth specific facts showing that there are genuine issues for trial. A mere trace of evidence supporting Credico's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for Credico.

*LaVallie v. United States*, 396 F.Supp 2d. 1082, 1083 (D.N.D. 2005), internal citations omitted, names of parties in this case substituted for references such as "moving party" and "non-moving party."

2
Plaintiff's Motion for Partial Summary Judgment, etc.
December 29, 2005

GOSBEE LAW OFFICE
103 3rd Avenue, N.W.
Mandan, ND 58554-3129
(701) 663-2225

## II. UNDISPUTED FACTS.

It is undisputed that Credico and Akovenko tried to collect compound interest -- Credico admits that it did.

> I-01.   Please describe exactly, and fully itemize, how the amount of $8,808.20 for the Pinnacle Debt was computed in the Lawsuit Threat Letter.
>
> ANSWER:   The assigned amount of Plaintiff's account was $4,644.36 ($2,170.29 principal, $2,474.07 interest). When the account was placed, it was listed at 20.15% per annum, the rate electronically listed by Pinnacle. *Interest was then calculated on the entire amount through the CUBS system from December 1,1994.*

Credico Discovery Response, emphasis added. Exh. GWW-03, p. 03, filed with Docket ##22, 25. Credico has also admitted that Akovenko randomly was assigned Wilhelm's account "as an account to work and attempt to successfully resolve." Credico Response to I-10, Exh. GWW-03, pp. 3-4. Docket ##22, 25.

Although Wilhelm disputes the accuracy of the stated figures for principal and interest, as well as the date from which interest can be calculated, for purposes of this motion, he will assume Credico's figures are accurate. On the issue of whether Credico and Akovenko tried to collect compound interest, the evidence is so one-sided that Wilhelm must prevail. In light of Credico's express admission, a reasonable jury could not return a verdict that Credico and Akovenko did not try to collect compound interest.

3
**Plaintiff's Motion for Partial Summary Judgment, etc.**
**December 29, 2005**

GOSBEE LAW OFFICE
103 3rd Avenue, N.W.
Mandan, ND 58554-3129
(701) 663-2225

Because the requisite jurisdictional elements of FDCPA are met, on the issue of FDCPA liability, Wilhelm is entitled to judgment as a matter of law against Credico and Akovenko.

### III.  FDCPA JURISDICTIONAL REQUIREMENTS.

Credico has admitted it is a debt collector. Complaint, ¶1. Exh. to Notice of Removal, Docket #01.  Admitted, Answer, ¶2, Docket #03.  It has also admitted that Akovenko is a "bill collector." Credico Response to I-10, Exh. GWW-03, pp. 03-04. Docket ##22, 25.

There is no dispute that the Pinnacle Debt is a "debt" as defined in FDCPA, 15 U.S.C. §1692a(5).  The Pinnacle Debt is unquestionably an "alleged obligation of a consumer to pay money." *Ibid.* Finally, the Pinnacle Debt was incurred, if at all, for the personal, family, or household use of Wilhelm. Affidavit of Gregory W. Wilhelm, December 28, 2005 (Wilhelm Affidavit II), ¶3.  Thus the final element of 15 U.S.C. §1692a(5) is met.

### IV.  PROHIBITION OF COMPOUND INTEREST – RESULTING FDCPA VIOLATION.

The remaining element to show violation of 15 U.S.C. §1692f(1) is whether Credico was lawfully entitled to try to collect compound interest.  In North Dakota, a creditor cannot charge or collect compound interest. "A contract may not provide for the payment of interest on interest overdue, but this section does not apply to a

4
Plaintiff's Motion for Partial Summary Judgment, etc.
December 29, 2005

GOSBEE LAW OFFICE
103 3rd Avenue, N.W.
Mandan, ND 58554-3129
(701) 663-2225

contract to pay interest at a lawful rate on interest that is overdue at the time such contract is made. Any violation of this section is deemed usury." NDCC §47-14-09(1). Thus, a note calling for interest "compounded annually" is unenforceable as to the compound interest. *Haider v. Montgomery*, 423 N.W.2d 494 (N.D. 1988).

In this case, as already noted, Credico was trying to collect interest on "the entire amount," including interest. Further, it is impossible that simple interest was used. Wilhelm Affidavit II, ¶¶8-10. Thus, Credico's attempt at collecting between $3,623.99 and $4,885.89 in compound interest (Statement of Undisputed Facts, ¶7) violated NDCC §47-14-09(1).

Because North Dakota law prohibits compound interest, Akovenko and Credico violated FDCPA by trying to collect compound interest. 15 U.S.C. §1692f(1). Further, by demanding $8,808.20, a figure that includes compound interest, the Lawsuit Threat Letter falsely states the legal status of the debt, another FDCPA violation. 15 U.S.C. §1692e(2)(A). *Duffy v. Landberg*, 215 F.3d 871, 872 (8th Cir. 2000) (finding violation even though "interest calculations were admittedly only slightly overstated"). In this case, the interest calculations are grossly overstated.

The "debt collector legally may collect (or attempt to collect) only the amount actually owed by the debtor, and if the

5
Plaintiff's Motion for Partial Summary Judgment, etc.
December 29, 2005

GOSBEE LAW OFFICE
103 3rd Avenue, N.W.
Mandan, ND 58554-3129
(701) 663-2225

creditor's records are insufficient to calculate that amount, the debt collector proceeds at his peril." *Bernstein v. Howe* (S.D. Ind. 2003), 2003 WL 1702254, *4 (rejecting argument that "it was impossible to determine the exact amount of interest owed as of the time of the letter").

Wilhelm is mindful that state usury laws were pre-empted by federal legislation in the days of 20% interest in the 1980s. However, those laws have not preempted state usury laws dealing with computation of interest, as distinguished from the rate of interest. *See, e.g., Grunbeck v. Dime Savings Bank*, 74 F.3d 331, 344 (1st Cir. 1996) (New Hampshire simple interest law - prohibiting compound interest - not pre-empted by Monetary Control Act).

Therefore, Wilhelm is entitled to summary judgment on the issue of Credico's and Akovenko's liability for violating FDCPA by trying to collect compound interest.

### V. OTHER ISSUES.

Wilhelm acknowledges that a jury will have to decide whether Credico really planned to sue him. Thus, he is not extending the summary judgment motion to what he believes was Credico's empty threat in the Lawsuit Threat Letter.

Signature page follows.

6
Plaintiff's Motion for Partial Summary Judgment, etc.
December 29, 2005

GOSBEE LAW OFFICE
103 3rd Avenue, N.W.
Mandan, ND 58554-3129
(701) 663-2225

Dated December 29, 2005.

*[signature]*
John J. Gosbee (#3967)
Attorney for Plaintiff
Gosbee Law Office
103 3rd Avenue, N.W.
Mandan, ND  58554-3129
(701) 663-2225

## CERTIFICATE OF SERVICE

In accordance with Rule 5(f), FRCivP, I certify that I served Plaintiff's Motion for Partial Summary Judgment; Affidavit of Gregory W. Wilhelm; and Plaintiff's Statement of Undisputed Facts, by mailing to:

>Shane A. Hanson, Esq.
>Fleck, Mather & Strutz, Ltd.
>P.O. Box 2798
>Bismarck, ND  58502-2798
>
>[e-mail also to sahanson@flecklaw.com]
>[e-mail also to MICHAELK@bassford.com]
>[e-mail also to gwolberg@flecklaw.com]
>[e-mail also to MARYSUEA@bassford.com]

Dated December 29, 2005.

*[signature]*
John J. Gosbee

7
Plaintiff's Motion for Partial Summary Judgment, etc.
December 29, 2005

GOSBEE LAW OFFICE
103 3rd Avenue, N.W.
Mandan, ND 58554-3129
(701) 663-2225