UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Gregory W. Wilhelm, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. A1-05-2 |
| v. | ) | |
| | ) | **Memorandum Opinion** |
| Credico, Inc., et al, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiff's Motion to Amend Complaint (Doc. #14) and Motion to Compel (Doc. #20). A hearing on the motions was held on Tuesday, January 10, 2006. The following is the order of the court.

I.   Motion to Amend

Plaintiff seeks to assert a claim against Pinnacle Credit Services, LLC ("Pinnacle") arguing Pinnacle may have reported the debt at issue to a credit reporting agency without identifying it as disputed, either because it did not know it was disputed or in disregard to Wilhelm's dispute. Plaintiff admits he is uncertain who violated the Fair Debt Collection Practices Act, but argues Pinnacle should be in this action in order to fully resolve the dispute. Defendants argue the motion to amend is untimely. Defendants further argue the motion to amend is futile because "the conduct Plaintiff attributes to it [Pinnacle] occurred outside the FDCPA's one year statute of limitations." Finally, defendants argue the claims against Pinnacle should be pursued in a separate action.

At the hearing the court asked the parties to address whether Pinnacle could be liable under the FDCPA for an alleged violation of the Fair Credit Reporting Act. In doing so, the

1

court learned that Pinnacle is not the creditor as thought, but rather is a debt collector itself, bringing its activities into the purview of the FDCPA, dispelling the court's concerns.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires. Unless there is good reason for denying leave to amend a pleading, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment, leave to amend should be granted. Becker v. U. Neb. Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (citing Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)). There is no absolute right to amend. Id. (citations omitted) "Whether to grant a motion for leave to amend is within the sound discretion of the court." Id. (citing Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994); Brown, 957 F.2d at 565).

The court has considered defendant's arguments in opposition to the motion to amend and finds none of them particularly persuasive. First, plaintiff filed the motion to amend a mere three days after the deadline in the scheduling order. Defendants do not argue prejudice as a result of the minor delay. Although not to be taken lightly, the scheduling deadlines are not set in stone. Second, defendants' statute of limitations argument is premature and is more properly addressed in a motion to dismiss, if appropriate. Finally, judicial resources are best utilized by proceeding in one action with common facts and issues of law. Accordingly, plaintiff's Motion to Amend is **GRANTED**.

II.     Motion to Compel

The court heard argument from counsel on each of plaintiff's requests not resolved prior to the time of hearing. Although not ruling from the bench, the court made its "inclinations"

clear; this order serves to cement those inclinations.

As to interrogatory #5 the court finds that plaintiff is entitled to discover the requested information about other lawsuits that have been filed. The court understands defendant's concern that to disclose the collection activity might serve as a violation of the FDCPA and thus, as to other lawsuits that have been served but not filed, the consumers are entitled to their privacy, and defendant is not required to disclose them. Defendant Credico's obligation to supplement applies as additional lawsuits are filed. Plaintiff's motion to compel response to interrogatory #5 is **GRANTED** in part and **DENIED** in part.

In interrogatory #9 plaintiff has requested information about the relationship between Credico and Pinnacle. The court finds that the arguments raised by plaintiff are too tangential to justify disclosure. Plaintiff's request to to discover the business arrangement or contract between Credico and Pinnacle is **DENIED**.

Interrogatory #17 requests documents pertaining to lawsuits in which Credico has been named a defendant. The court finds plaintiff has established sufficient relevancy of the requested information, but orders that only public information concerning these lawsuits shall be disclosed, again recognizing the consumers' privacy rights. Credico has a continuing duty to supplement as necessary. Plaintiff's motion to compel response to interrogatory #17 is **GRANTED** in part and **DENIED** in part.

Plaintiff's document request #3 was addressed in the context of interrogatory #9. The documents are not discoverable. Plaintiff's motion to compel production is **DENIED**.

Document request #4 seeks all documents in which Credico reported plaintiff's response to the "Lawsuit Threat Letter." In response, defendant states it has provided an affidavit stating

there are no documents responsive to this request.  As this court has stated many times before, it cannot make documents appear out of "thin air."  Plaintiff's request is by necessity **DENIED**.

Document request #5 seeks a "key" or other means of explaining the entry codes made pertaining to the collection of the debt. Defendant stated no such "key" exists.  Recognizing there is no requirement that defendant "create" documents responsive to plaintiff's request, the request is again by necessity **DENIED**.

Dated this 13th day of February, 2006.

*Karen K. Klein*
Karen K. Klein
United States Magistrate Judge