**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Gregory W. Wilhelm, individually, and on behalf of others similarly situated, as a class, <br><br>  Plaintiff, <br><br> vs. <br><br> Credico Inc., D/B/A Credit Collections Bureau, Debbie Akovenko, Pinnacle Credit Services, LLC, and John Does 1-10, <br><br>  Defendants. | **ORDER GRANTING DEFENDANT PINNACLE CREDIT SERVICES' MOTION FOR SUMMARY JUDGMENT** <br><br><br><br> Case No. 1:05-cv-002 |

Before the Court is defendant Pinnacle Credit Services, LLC's, Motion for Summary Judgment, filed on June 20, 2006. For the reasons set forth below, the Defendant's motion is granted.

**I.   BACKGROUND**

This dispute arises out of an alleged violation of the Fair Debt Collection Practices Act. The plaintiff, Gregory W. Wilhelm, owed a debt on a credit card account. Wilhelm asserts that all of the charges made to the credit card were for personal, family, or household use. Through various transactions, Wachovia Bank sold Wilhelm's credit card account to Fourscore Resource Capital, L.L.C. Fourscore assigned the debt to Pinnacle Credit Services ("Pinnacle") for collection. Pinnacle, in turn assigned the debt to the defendant, Credico Inc., to collect on behalf of Pinnacle.

In a letter dated December 10, 2003, Credico informed Wilhelm of its intent to sue him for an outstanding debt identified as the "Pinnacle debt." On December 10, 2003, Wilhelm sent a letter to Credico disputing the debt. Wilhelm did not directly notify Pinnacle or any credit bureau of his dispute of the Pinnacle debt.

Wilhelm commenced this action against Defendants Credico and Debbie Akovenko on December 9, 2005, in North Dakota state court. On January 4, 2005, Defendants Credico and Akovenko removed the action to federal court. On October 3, 2005, Wilhelm filed a motion to amend the complaint to add Pinnacle as a defendant. From October 29, 2004, through November 1, 2004, Wilhelm's credit reports listed the Pinnacle debt and did not note that the debt was disputed.

On April 12, 2006, the Court granted in part, a motion for summary judgment filed by Defendants Credico and Akovenko. In its Order, the Court concluded that Wilhelm failed to set forth a genuine issue of material fact as to the "intent to sue" issue and that Credico was entitled to the bona fide error defense as to the calculation of interest on Wilhelm's account. The Court also found that, given the procedural posture of this case, it was premature to rule on Credico's motion for summary judgment as to the allegations concerning a failure to report a disputed debt to Pinnacle. Although Wilhelm set forth several claims in his amended complaint, the only remaining claims are (1) that Credico violated the Fair Debt Collection Practices Act by failing to report to Pinnacle that Wilhelm disputed the alleged debt and (2) that Pinnacle violated the Fair Debt Collection Practices Act by continuing to report the debt to consumer reporting agencies until as late as March of 2005, without reporting that the debt was disputed.

Pinnacle asserts that Wilhelm failed to commence the action within the applicable statute of limitations as codified in 15 U.S.C. § 1692k(d). Wilhelm filed a response on July 19, 2006, contending that Pinnacle's actions constituted a "serial violation" of the Fair Debt Collection Practices Act and, as such, his claims fall within the statue of limitations period.

### III. LEGAL DISCUSSION

#### A. STANDARD OF REVIEW

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Graning v. Sherburne County, 172 F.3d 611, 614 (8th Cir. 1999). A fact is "material" if it might affect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1376 (8th Cir. 1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed.R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

**B.    STATUTE OF LIMITATIONS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT**

Section 1692e(8) of the Fair Debt Collection Practices Act provides, in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (8)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8). The Fair Debt Collection Practices Act sets for the following statute of limitations:

> [a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, <u>within one year</u> from the date on which the violation occurs.

15 U.S.C. § 1692k(d) (emphasis added). Rule 3 of the Federal Rules of Civil Procedures provides that "[a] civil action is commenced by filing a complaint with the court." It is well-established that, for statute of limitations purposes, an amended complaint seeking to add a defendant as a party is deemed to be filed with the court when the petition for leave to amend the complaint is filed. <u>See</u> <u>Mayers v. AT&T Information Systems, Inc.</u>, 867 F.2d 1172 (8th Cir. 1989).

The record reveals that the first time Wilhelm disputed the Pinnacle debt was in a letter sent to Credico on December 10, 2003. <u>See</u> Affidavit of Duane Reiswig, Exhibit C (Docket No. 39). In addition, Wilhelm admitted during his deposition that he did not directly notify Pinnacle that he disputed the Pinnacle debt. <u>See</u> Deposition of Wilhelm, Exhibit 1 (Docket No. 62-2). It is also undisputed that the initial complaint in this action was filed on December 9, 2004. The motion to amend the complaint to include Pinnacle as a defendant was filed on October 3, 2005.

Pinnacle acknowledges that it appears Wilhelm is proceeding with two separate and mutually exclusive theories on his Section 1692e(8) claim: (1) that Credico failed to report to Pinnacle that Wilhelm disputed the debt and (2) that Credico did report to Pinnacle that Wilhelm disputed the debt and that Pinnacle violated Section 1692e(8) by continuing to report the debt. Pinnacle asserts that under either theory Pinnacle should be granted summary judgment. Under the first scenario, if Credico never reported the disputed debt to Pinnacle, Pinnacle could not be liable for a violation. Under the second scenario, if Credico notified Pinnacle of the disputed debt on December 12, 2003, Wilhelm missed the one-year statute of limitations by waiting to file suit against Pinnacle until October 3, 2005. Pinnacle argues that for purposes of Section 1692e(8), it "knew or should have known" that Wilhelm was disputing the Pinnacle debt shortly after Wilhelm wrote to Credico on December 10, 2003. As a result, Pinnacle contends that Wilhelm's complaint, filed on October 3, 2005, against Pinnacle was filed nearly two years after Pinnacle "knew or should have known" of Wilhelm's dispute of the Pinnacle debt and falls outside the statute of limitations.

Wilhelm contends that Pinnacle's actions constitute "serial violations" of the Fair Debt Collections Practices Act and thus, the statute of limitations period should be measured from the last violation, which Wilhelm asserts occurred as late as March 2005. Wilhelm cites to an employment discrimination case to support the "serial violations" theory. See National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Wilhelm argues that he is entitled to pursue Pinnacle's alleged Fair Debt Collection Practices Act violations that were committed less than one year before October 3, 2005.

A review of Eighth Circuit case law reveals two unpublished decisions wherein plaintiffs attempted to assert a "serial violation" theory in regard to a Fair Debt Collection Practices Act claim.

5

In <u>Kirscher v. Messerli & Kramer P.A.</u>, No. Civ. 05-1901PAMRLE, 2006 WL145162 (D. Minn Jan. 18, 2006), the court noted that "the sparse case law addressing the issue indicates that a continuing violation theory is not available under the FDCPA." <u>Id.</u> at *4 (citing <u>Sierra v. Foster &Garbus</u>, 48 F.Supp.2d 393, 395 (S.D. N.Y. 1999); <u>Calka v. Kuker, Kraus & Bruh, LLP</u>, No. 98-0990, 1998 WL 437151, *3 (S.D. N.Y. Aug. 3, 1998)).  The same result was reached in <u>Fraenkel v. Messerli & Kramer, P.A.</u>, No. Civ. 04-1072JRTFLN, 2004 WL 1765309 (D. Minn. July 29, 2004), wherein the court concluded that a new communication, such as filing a lawsuit, concerning an old claim does not start a new period of limitations.  Other federal district courts have reached similar conclusions.  <u>See</u> <u>e.g.</u>, <u>Akalwadi v. Risk Management Alternatives, Inc.</u>, 336 F. Supp. 2d 492, 501 (D. Md. 2004) (finding a complaint filed over two years after the debtor was aware of an inaccurate credit report was time-barred); <u>Flores v. Millennium Interests, LTD., et al.</u>, 273 F. Supp. 2d 899, 901 (S.D. Texas 2003) (finding a plaintiff's claim accrues at the time he became aware of the negative credit report); <u>Sierra v. Foster & Garbus</u>, 48 F. Supp. 2d 393, 395 (S.D. N.Y. 1999) (rejecting the continuing violations theory and finding that there was no legal support of plaintiff's theory that his cause of action could be kept alive indefinitely because each new communication would start a fresh statute of limitations).

     The Court finds that the unpublished Eighth Circuit decisions, as well as the reported decisions of other districts, rejecting the "serial violations" theory to be persuasive.  The Courts finds that, as a matter of law, Wilhelm's claims against Pinnacle based on 15 U.S.C. § 1692e(8) accrued shortly after December 10, 2003 – the date Wilhelm first sent a letter to Credico disputing the debt.  Wilhelm had until early December 2004 to file a suit against Pinnacle based on the alleged violation(s).  There is no question that Wilhelm's suit against Pinnacle is deemed to have been filed

on October 3, 2005. Thus, Wilhelm's claims against Pinnacle were clearly filed outside the prescribed statute of limitations, and thus, are untimely.

## II.     CONCLUSION

The Court **GRANTS** Defendant Pinnacle's Motion for Summary Judgment. (Docket No. 57). The Court finds that the claims against Pinnacle were filed outside the prescribed statute of limitations and must be dismissed with prejudice as a matter of law. As the Court noted in its April 12, 2006, order, the only remaining claim is Wilhelm's assertion that Credico violated the Fair Debt Collection Practices Act by failing to report to Pinnacle that Wilhelm disputed the alleged debt.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court