**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Gregory W. Wilhelm, individually, and on behalf of others similarly situated, as a class, ) ) | |
| ) Plaintiff, ) ) | **ORDER GRANTING DEFENDANT CREDICO INC.'S MOTION FOR SUMMARY JUDGMENT** |
| vs. ) ) | |
| Credico Inc., D/B/A Credit Collections ) Bureau, Debbie Akovenko, and John ) Does 1-10, ) ) | Case No. 1:05-cv-002 |
| Defendants. ) | |

Before the Court are defendant Credico Inc.'s Motion for Summary Judgment filed on October 18, 2006, and a Motion for Hearing filed on October 19, 2006. For the reasons set forth below, the Defendant's Motion for Summary Judgment is granted, and the request for a hearing is denied as moot.

### I. BACKGROUND

This dispute arises out of an alleged violation of the Fair Debt Collection Practices Act. The plaintiff, Gregory W. Wilhelm, owed a debt of $8,808.20 on a credit card account with Wacovia Bank. Wilhelm asserts that all of the charges made to the credit card were for personal, family, or household use. Through various transactions, Wachovia Bank sold Wilhelm's credit card account to Fourscore Resource Capital, L.L.C. Fourscore subsequently assigned the debt to Pinnacle Credit Services ("Pinnacle") for collection. Pinnacle, in turn, assigned the debt to the defendant, Credico Inc., to collect on behalf of Pinnacle.

In a letter dated December 10, 2003, Credico informed Wilhelm of its intent to collect the outstanding debt of $8,808.20 identified as the "Pinnacle debt." On December 10, 2003, Wilhelm

sent a letter to Credico disputing the debt and requesting validation of the debt. Wilhelm did not directly notify Pinnacle or any credit bureau of his dispute of the Pinnacle debt.

Wilhelm commenced this lawsuit against Defendants Credico and Debbie Akovenko on December 9, 2004, in North Dakota state court. On January 4, 2005, Credico and Akovenko removed the case to federal court. On October 3, 2005, Wilhelm filed a motion to amend the complaint to add Pinnacle as a defendant. From October 29, 2004, through November 1, 2004, Wilhelm's credit reports listed the Pinnacle debt and did not note that the debt was disputed.

On April 12, 2006, the Court granted, in part, a motion for summary judgment filed by Defendants Credico and Akovenko. In the Order, the Court concluded that Wilhelm failed to set forth a genuine issue of material fact as to the "intent to sue" issue and that Credico was entitled to the bona fide error defense as to the calculation of interest on Wilhelm's account. The Court also found that, given the procedural posture of the case, it was premature to rule on Credico's motion for summary judgment as to the allegations concerning a failure to report a disputed debt to Pinnacle.

On October 4, 2006, the Court granted Defendant Pinnacle's Motion for Summary Judgment, and held that the claims against Pinnacle were filed outside the prescribed statute of limitations and were subject to dismissal with prejudice as a matter of law. The only remaining claim is Wilhelm's assertion that Credico violated the Fair Debt Collection Practices Act by failing to report to Pinnacle that Wilhelm disputed the debt.

Credico has moved for summary judgment and contends that it had no affirmative obligation to report that Wilhelm disputed the Pinnacle debt because Credico was not a data furnisher under the Fair Credit Reporting Act. In other words, Credico contends that the duty to report a disputed

debt is triggered only when an entity reports the debt to a credit reporting agency. In the alternative, Credico argues that even if it had an obligation to report such information to Pinnacle, it did send a report of the dispute to Pinnacle contemporaneously with Credico's receipt of the dispute from Wilhelm. Finally, Credico contends that the requirement to report the disputed debt was never triggered because it never communicated any type of credit information regarding Wilhelm's debt.

In response, Wilhelm contends that Credico had an affirmative duty to report the disputed debt to any person with whom it communicated credit information, and that Credico did not send a report of the disputed debt to Pinnacle. Wilhelm also argues that there is a genuine issue of material fact as to whether Credico reported the disputed debt to Pinnacle.

## II.   LEGAL DISCUSSION

### A.   STANDARD OF REVIEW

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Graning v. Sherburne County, 172 F.3d 611, 614 (8th Cir. 1999). A fact is "material" if it might affect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1376 (8th Cir. 1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine

issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed.R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### B.  SECTION 1692e(8) OF THE FAIR DEBT COLLECTION PRACTICES ACT

Section 1692e(8) of the Fair Debt Collection Practices Act provides, in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (8)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).

Credico contends that Wilhelm failed to allege that Credico made any type of report regarding the debt to a credit reporting agency and, as a result, Credico had no duty to report Wilhelm's debt as being "disputed." Credico contends that the record is clear that Credico did not report anything regarding Wilhelm, and that neither Credico nor Pinnacle are credit bureaus or credit reporting agencies. Credico argues that because it did not report Wilhelm's debt, it had no duty to report the debt as "disputed" and Wilhelm's claim fails as a matter of law. Credico cites to an unreported decision from the United States District Court for the Northern District of Georgia,

Atlanta Division, to support its argument. See Black v. Asset Acceptance, LLC, et al., No. 1:05-cv-1588-BBM, 2005 U.S. Dist. LEXIS 43264, (N.D. Ga. Dec. 9, 2005).

In Black v. Asset Acceptance, Equinox was engaged in debt collection activities on behalf of Asset Acceptance for a debt allegedly owed by Black. On September 15, 2004, Black telephoned Equinox regarding the improper reporting by Asset Acceptance of his son's account on his own credit reports. Black informed Equinox that the account was his son's and that it should be deleted from Black's credit file. From September 15, 2004, through February 4, 2005, Equinox failed to notify its client (Asset Acceptance) that the account did not belong to Black and should not be on his credit report. On February 4, 2005, Black applied for a residential mortgage and the lender obtained a copy of Black's credit report which included the account as a charged off account with a balance due. Black argued that Equinox had failed to notify Asset Acceptance (its client) of Black's disputed debt. Asset Acceptance was also a debt collection agency that furnished information to consumer reporting agencies. See Black v. Asset Acceptance, LLC, et al., No. 1:05-cv-1588-BBM, 2005 U.S. Dist. LEXIS 43264, *2 (N.D. Ga. Dec. 9, 2005).

Black contended that Equinox's actions violated 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act. In the absence of controlling or persuasive case law, the court looked to the interpretation given 15 U.S.C. § 1692e by the Federal Trade Commission, the entity entrusted with administering the act.[1] In a notice entitled "Statements of General Policy or Interpretation,

---

[1] The court noted that the United States Supreme Court in Heintz v. Jenkins, 514 U.S. 291, 298 (1995), indicated that the commentary is not binding on the FTC or the public and is not entitled to deference when it conflicts with the Fair Debt Collection Practices Act's plain language. However, the Court noted the Eleventh Circuit has said, "because the FTC is entrusted with administering the FDCPA, its interpretation should be accorded considerable weight." See Black v. Asset Acceptance, LLC, et al., No. 1:05-cv-1588-BBM, 2005 U.S. Dist. LEXIS 43264, *13 n.2 (N.D. Ga. Dec. 9, 2005).

5

Staff Commentary on the Fair Debt Collection Practices Act," the Federal Trade Commission stated, in part, as follows:

1. Disputed Debt. If a debt collector knows that a debt is disputed by the consumer, either from receipt of written notice . . . or other means, and reports it to a credit bureau, he must report it as disputed.
2. Post-report dispute. When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.

FTC Staff Commentary, 54 Fed. Reg. 50106 (Dec. 13, 1988). The court relied upon the Federal Trade Commission's interpretation of 15 U.S.C. § 1692e(8) and found that "only *if* a debt collector reports a consumer debt to a credit bureau under Section 1692e(8) must he then also report that debt as disputed." Id. at 813. The court concluded that because Black had failed to allege that Equinox made a report of the debt that triggered the requirement under Section 1692e(8) that the debt was disputed, Black had failed to state a claim for relief under Section 1692e(8). Id.

The Court finds the reasoning of the court in Black to be persuasive. The record reflects that Credico did not furnish any information regarding Wilhelm's debt to any credit bureau or credit reporting agency. Wilhelm has neither alleged nor suggested that Credico furnished credit information to a credit bureau or a credit reporting agency, nor pointed to any evidence to that effect. If Credico had made such a report, that action would have triggered Credico's duty to report the debt as "disputed." Because Credico never made any type of credit information report concerning Wilhelm's debt, it had no duty to report the debt as "disputed," and the requirements under Section 1692e(8) were not triggered. The Court finds that Wilhelm has failed to state a claim under 15 U.S.C. § 1692e(8).

Wilhelm also contends that 15 U.S.C. § 1692e(8) does not limit the reporting obligation to communications with credit bureaus or credit reporting agencies, but also requires Credico to

6

disclose the disputed debt to any person with whom it communicated credit information. Even if Credico was required to report the disputed debt to any person to whom it communicated Wilhelm's credit information, Wilhelm has failed to point to any evidence that Credico transmitted any of Wilhelm's credit information to anyone other than the report of the disputed debt to Pinnacle, Credico's client. As such, the Court finds that Credico is entitled to judgment as a matter of law.

Even if Credico had a duty to report the disputed debt to Pinnacle, there are no genuine issues of material fact to preclude summary judgment. Credico contends that it sent a report of the disputed debt to Pinnacle and supports that contention by affidavit. See Docket No. 16. Wilhelm contends that there is a genuine issue of material fact as to whether Credico told Pinnacle that the debt in question was disputed. Wilhelm apparently bases his contention on a statement made by Pinnacle's attorney in a legal pleading that Pinnacle never received Credico's report concerning the disputed debt.

Rule 56 of the Federal Rules of Civil Procedure requires a party opposing summary judgment to come forward with affidavits or other admissible evidence which set forth specific facts demonstrating a genuine issue for trial. Fed. Rule Civ. P. 56(e). The affidavits must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated. Id. "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id. Wilhelm has provided no affidavits or evidence other than the mere assertions made by Pinnacle's attorney in a legal memorandum filed in support of a motion for summary judgment. It is well-settled that a statement made by an attorney in a legal memorandum is not admissible evidence and, therefore, cannot create a genuine issue of fact capable of defeating this motion. See

McNaughton v. Exxon Shipping Co., 813 F. Supp. 710, 712 (N.D. Cal. 1992). The Court finds that even if Credico had been required to report the disputed debt to its client, Pinnacle, Wilhelm has failed to raise a genuine issue of material fact for trial.

### III.     CONCLUSION

The Court **GRANTS** Defendant Credico's Motion for Summary Judgment. (Docket No. 74), and accordingly **DENIES** Defendant Credico's Motion for Hearing (Docket No. 78) as moot. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2006.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court