**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Gregory W. Wilhelm, individually, and on behalf of others similarly situated, as a class, | ) ) ) ) | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ON CLASS CERTIFICATION** |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| Credico Inc., d/b/a Credit Collections Bureau, Debbie Akovenko, and John Does 1-10, | ) ) ) ) | Case No. 1:05-cv-002 |
| Defendants. | ) ) | |

Before the Court is Plaintiff Gregory W. Wilhelm's motion for reconsideration on class certification filed on September 2, 2008. See Docket No. 101. Defendants Credico Inc. and Debbie Akovenko filed a brief in opposition to the motion on September 16, 2008. See Docket No. 119. The Plaintiff filed a reply brief on September 24, 2008. See Docket No. 120. For the reasons set forth below, the Plaintiff's motion for reconsideration on class certification is denied.

I.   **BACKGROUND**

This dispute arises out of an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The plaintiff, Gregory W. Wilhelm, owed an unpaid credit card debt to Wachovia Bank. The debt was eventually assigned to Pinnacle Credit Services (Pinnacle) for collection. Pinnacle then assigned the debt to defendant Credico Inc. to collect on behalf of Pinnacle.

In a letter dated December 10, 2003, Credico informed Wilhelm of its intent to collect the outstanding debt of $8,808.20 identified as the "Pinnacle debt." On December 10, 2003, Wilhelm

sent a letter to Credico disputing the debt and requesting validation of the debt.  Wilhelm did not directly notify Pinnacle or any credit bureau of his dispute of the Pinnacle debt.

On December 9, 2004, Wilhelm commenced a lawsuit in state court in the District Court of Burleigh County against Credico and defendant Debbie Akovenko.  Wilhelm alleges that Credico violated the Fair Debt Collection Practices Act by: (1) sending the "Notice of Lawsuit" letter with no intention of pursuing a lawsuit; (2) collecting interest on interest in violation of N.D.C.C. § 47-14-09(1); (3) falsely representing the character, amount, or legal status of the debt by "re-aging" the alleged debt; and (4) failing to report to Pinnacle that Wilhelm disputed the alleged debt.  Wilhelm seeks statutory damages and actual damages, including lost income from denied opportunities to serve as an agent for insurance companies.  The action was removed to federal district court on January 4, 2005.  See Docket No. 1.

Wilhelm filed an amended complaint in federal court requesting class certification of those "North Dakota consumers who have received letters similar to the Lawsuit Threat Letter and who were not sued by Debt Collectors."  See Docket No. 45.  On December 1, 2005, Wilhelm moved for class certification.  See Docket No. 21.

On April 12, 2006, the Court denied class certification, finding the request moot because the Court had granted summary judgment in favor of Credico on the claims relating to the "Notice of Lawsuit" letter.  See Wilhelm v. Credico Inc., 426 F. Supp. 2d 1030, 1039 (D.N.D. 2006).  On appeal, the Eighth Circuit Court of Appeals reversed the Court's dismissal of the claims relating to the "Notice of Lawsuit" letter.  See Wilhelm v. Credico Inc., 519 F. 3d 416 (8th Cir. 2008).

The parties have filed numerous summary judgment motions in this action.  The only remaining claim pertains to whether Credico intended to sue Wilhelm when it sent the "Notice of Lawsuit" letter.  Wilhelm has now renewed his motion for class certification.


## II.    STANDARD OF REVIEW

Rule 23 of the Federal Rules of Civil Procedure governs class actions.  To be certified as a class, the requirements under Rule 23(a) and one of the three subsections of Rule 23(b) must be satisfied.  In re St. Jude Med., Inc., 425 F.3d 1116, 1119 (8th Cir. 2005).  Rule 23(a) identifies four prerequisites for class certification: (1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact that are common to the class; (3) the representative party's claims or defenses are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.  Once Rule 23(a) factors are satisfied, a class action may be maintained under Rule 23(b) if: (1) prosecuting separate actions would create a risk of inconsistent adjudications or if the individual adjudications would be dispositive as to the interests of other members; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thus rendering appropriate final injunctive relief with respect to the class as a whole; or (3) the court finds that questions of fact or law common to the class members predominate over any questions affecting only individual members.  Fed. R. Civ. P. 23(b).

The decision whether to certify a class action is left to the sound discretion of the district court.  Coleman v. Watt, 40 F.3d 255, 259 (8th Cir. 1994).  In determining whether to certify a class action, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will

prevail on the merits, but rather whether the requirements of Rule 23 are met."   Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974).  The Court must conduct a rigorous analysis to ensure that the prerequisites for class certification under Rule 23 are satisfied.  See Elizabeth M. v. Montenez, 458 F.3d 779, 784 (8th Cir. 2006).  "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."  Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982).  The plaintiff bears the burden of satisfying the requirements of Rule 23.  Coleman, 40 F.3d at 259.

III.   **RULE 23(a) FACTORS**

    A.   **NUMEROSITY OF MEMBERS**

In determining whether the numerosity requirement of Rule 23(a)(1) is met, the Court must inquire into whether the class is "so numerous that joinder of all members is impracticable:"

> A number of factors are relevant to this inquiry, the most obvious of which is, of course, the number of persons in the proposed class.  No arbitrary rules regarding the necessary size of classes have been established.  In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members.

Paxton v. Union Nat'l Bank, 688 F.2d 552, 559-60 (8th Cir. 1982) (internal citations omitted).  Wilhelm bears the burden of establishing that numerosity exists.  See Belles v. Schweiker, 720 F.2d 509, 515 (8th Cir. 1983).  It is important to note that while a class may satisfy the commonality requirement of Rule 23(a), the class may fail to satisfy the "far more demanding" predominance

requirement of Rule 23(b)(3).  Thompson v. Am. Tobacco Co. Inc., 189 F.R.D. 544, 549 (D. Minn. 1999) (quoting Amchem Products, Inc. v. Windsor, 521 U.S. 591, 624 (1997)).

Wilhelm contends that there are approximately 101 North Dakota consumers who received a "Notice of Lawsuit" letter from Credico but were not sued.  While there is no bright line test for determining numerosity, courts in this circuit have certified classes smaller than the proposed class before this Court.  See Arkansas Educ. Ass'n v. Bd. of Educ., 446 F.2d 763, 765 (8th Cir. 1971) (finding twenty class plaintiffs satisfied numerosity); Alberts v. Nash Finch Co., 245 F.R.D. 399, 409 (D. Minn. 2007) (finding that a putative class of 74 persons was sufficient to satisfy the numerosity requirement); Lockwood Motors, Inc. v. Gen. Motors Corp., 162 F.R.D. 569, 574 (D. Minn. 1995) ("Certainly, where the class is very large – for example numbering in the hundreds – joinder will be impracticable . . . . In light of prevailing precedent, the difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). However, district courts in this circuit have also held that a class of 40 persons was a "very small number" which failed to meet the numerosity requirement of Rule 23.  SPG Inv. Ass'n v. Berry Petroleum Corp., 1987 WL 31142, at *3 (D. Minn. Dec. 30, 1987).

The Court finds that the size of the class in this action arguably weighs in favor of meeting the numerosity requirement, but the Court may also consider other factors such as the size of the individual claims, the inconvenience of trying individual suits, and any other factors relevant to the practicability of joining all the putative class members.  See Paxton, 688 F.2d at 559-60.  Because

the maximum statutory recovery for each putative class member is $1,000,[1] the Court is persuaded that the putative class members would have suffered hardship in litigating the individual lawsuits due to the disproportionate litigation expense in relation to the actual value of their claims.  On the other hand, given the relatively small number of proposed class members, individual actions are feasible and arguably would be the far superior method for the fair and efficient adjudication of these types of cases.  See Bryant v. Bonded Accounts Serv./Check Recovery, Inc., 2000 WL 34494806 (D. Minn. Nov. 21, 2000).  Weighing all of the relevant factors, the Court finds that the numerosity requirement of Rule 23(a)(1) does not clearly favor either class certification or litigating individual lawsuits.  There is case law to support both arguments but none of the cases are overly persuasive.  As a result, this factor is a neutral consideration.

### B.   COMMONALITY

Rule 23(a)(2) requires that there be questions of law or fact common to the class. Commonality is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation."  DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1174 (8th Cir. 1995) (quoting Paxton, 688 F.2d at 561).  However, "[t]he rule does not require that every question

---

[1]  Pursuant to 15 U.S.C. § 1692k(a), any debt collector who fails to comply with the Fair Debt Collection Practices Act may be subject to:

    (1)        any actual damage sustained by such person as a result of such failure;

    (2)(A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

    (B)       in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

    (3)       in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.  On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

of law or fact be common to every member of the class." <u>Paxton</u>, 688 F.2d at 561 (emphasis added).

Wilhelm contends that the question common to the class is whether Credico intended to sue him and the 101 consumers when it sent a "Notice of Lawsuit" letter to them. Some courts have found common questions of law or fact sufficient to certify a class where Fair Debt Collection Practices Act plaintiffs alleged the receipt of the same or similar collection letters as the basis of the lawsuit. <u>See</u> <u>Marcarz v. Transworld Sys., Inc.</u>, 193 F.R.D. 46, 49 (D. Conn. 2000); <u>Savino v. Computer Credit, Inc.</u>, 173 F.R.D. 346, 352 (E.D.N.Y. 1997). However, in these cases the plaintiffs alleged that the language of the actual letters violated the Fair Debt Collection Practices Act. The Court finds these cases distinguishable because at issue here is whether Credico intended to sue Wilhelm and the putative class members when it sent the individual "Notice of Lawsuit" letters, and not whether the actual language of the letters violated the Fair Debt Collection Practices Act. To determine whether Credico violated the Fair Debt Collection Practices Act for each "Notice of Lawsuit" letter sent, the Court would be required to undertake an individual inquiry into Credico's intent when it sent each letter. Because an individualized inquiry is necessary for each putative class member, each individualized litigant would present his or her own unique questions of law or fact. Therefore, the commonality requirement is not met.

The Court finds that the plaintiff has failed to sustain his burden of proof to satisfy the requirements of Rule 23(a). The plaintiff has also failed to show that the representative party's claims or defenses are typical of the class, and that the representative party will fairly and adequately protect the interests of the class. In summary, the basic requirements of Rule 23(a) have not been met and the burden of proofs rests on the shoulders of the plaintiff.

**III.**   <u>**CONCLUSION**</u>

The Court has carefully considered all of the relevant factors under Rule 23 of the Federal Rules of Civil Procedure.  In its discretion, the Court finds that Wilhelm has failed to satisfy the requirements of Rule 23(a).  For the reasons set forth above, Wilhelm's renewed motion for class certification (Docket No. 101) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2008.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court