## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Gregory W. Wilhelm, individually, | ) | |
| and on behalf of others similarly situated, | ) | |
| as a class, | ) | |
| | ) | **ORDER DENYING DEFENDANTS'** |
| Plaintiff, | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| vs. | ) | |
| | ) | |
| Credico Inc., d/b/a Credit Collections | ) | |
| Bureau, Debbie Akovenko, and John | ) | Case No. 1:05-cv-002 |
| Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants Credico Inc., d/b/a Credit Collections Bureau, and Debbie Akovenko's motion for summary judgment filed on September 2, 2008. See Docket No. 98. The Plaintiff filed a brief in opposition to the motion on October 6, 2008. See Docket No. 123. The Defendants filed a reply brief on October 13, 2008. See Docket No. 125. For the reasons set forth below, the Defendants' motion for summary judgment is denied.

## I.   BACKGROUND

This dispute arises out of an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The plaintiff, Gregory W. Wilhelm, owed an unpaid credit card debt to Wachovia Bank. The debt was eventually assigned to Pinnacle Credit Services (Pinnacle) for collection. Pinnacle then assigned the debt to defendant Credico Inc. to collect on behalf of Pinnacle.

In a "Notice of Lawsuit" letter dated December 10, 2003, Credico informed Wilhelm of its intent to collect the outstanding debt of $8,808.20 identified as the "Pinnacle debt." On December 10,

2003, Wilhelm sent a letter to Credico in which he disputed the debt and requested validation of the debt. Wilhelm did not directly notify Pinnacle or any credit bureau of his dispute of the Pinnacle debt.

On December 9, 2004, Wilhelm commenced a lawsuit in state court in the District Court of Burleigh County against defendants Credico and Debbie Akovenko. See Docket No. 1. Wilhelm alleged that Credico violated the Fair Debt Collection Practices Act by: (1) sending the "Notice of Lawsuit" letter with no intention of pursuing a lawsuit; (2) collecting interest on interest in violation of Section 47-14-09 (1) of the North Dakota Century Code; (3) falsely representing the character, amount, or legal status of the debt by "re-aging" the alleged debt; and (4) failing to report to Pinnacle that Wilhelm disputed the alleged debt. See Docket No. 1. Wilhelm sought the statutory maximum of damages and actual damages, including lost income from denied opportunities to serve as an agent for insurance companies.

On January 4, 2005, Credico and Akovenko removed the case to federal court. See Docket No. 1. On January 6, 2005, defendant Credico made a Rule 68 Offer of Judgment[1] in which it offered Wilhelm $1,001 plus attorney's fees and costs to settle the lawsuit. See Docket No. 27-2. On October 3, 2005, Wilhelm filed a motion to amend the complaint to add Pinnacle as a defendant. See Docket No. 14. Wilhelm moved for class certification on December 1, 2005. See Docket No. 21. On April 12, 2006, the Court denied as moot the motion for class certification. See Wilhelm v. Credico Inc., 426 F. Supp. 2d 1030 (D.N.D. 2006).

---

[1] Pursuant to Rule 68(a) of the Federal Rules of Civil Procedure a defending party may serve an offer of judgment to the opposing party:

> More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

On April 12, 2006, the Court granted in part a motion for summary judgment filed by defendants Credico and Akovenko.  See Wilhelm v. Credico Inc., 426 F. Supp. 2d 1030 (D.N.D. 2006).  The Defendants moved for summary judgment on four grounds: (1) the Rule 68 Offer of Judgment mooted the case; (2) Credico never intended to sue Wilhelm when it sent the "Notice of Lawsuit" letter; (3) Credico's interest on interest calculations constituted a bona fide error; and (4) Credico never reported the debt to any agency and, therefore, had no duty to report the debt as disputed.  See Docket No. 29.  The Court found that the Rule 68 Offer of Judgment did not render the case moot because the Defendants had failed to offer Wilhelm the full amount of damages demanded in the amended complaint.  The Court granted summary judgment in favor of the Defendants on the intent to sue claim.  The Court also granted summary judgment in favor of the Defendants on the interest-on-interest claim, finding that Credico had established that it was entitled to a bona fide defense on this issue.  The Court also found that, given the procedural posture of the case, it was premature to rule on Credico's motion for summary judgment as to the claims regarding Credico's failure to report the Pinnacle debt as disputed.

On October 4, 2006, the Court granted defendant Pinnacle's motion for summary judgment, and held that the claims against Pinnacle were filed outside the prescribed statute of limitations and were subject to dismissal with prejudice as a matter of law.  See Wilhelm v. Credico Inc., 455 F. Supp. 2d 1006 (D.N.D. 2006).

On November 30, 2006, the Court granted Credico's motion for summary judgment as to the claim regarding Credico's failure to report the Pinnacle debt as disputed.  See Wilhelm v. Credico Inc., 2006 WL 3478986 (D.N.D. Nov. 30, 2006 ).  The Court concluded that Wilhelm failed to set forth a genuine issue of material fact as to whether Credico reported to Pinnacle that the debt in question was disputed.

3

On December 29, 2006, Wilhelm appealed to the Eighth Circuit Court of Appeals "from the Judgment entered in this case on November 30, 2006, and from all intermediate orders from which an appeal may be had." See Docket No. 87. On March 3, 2008, the Eighth Circuit affirmed in part, reversed in part, and remanded the case for further proceedings. See Wilhelm v. Credico, Inc., 519 F. 3d 416 (8th Cir. 2008). The Eighth Circuit affirmed the Court's ruling that Wilhelm failed to present a genuine issue of material fact as to whether Credico reported that the debt was disputed, reversed and remanded as to the intent to sue claim, and affirmed as to the interest-on-interest claim. The Eighth Circuit determined that a material fact exists as to whether Credico intended to sue Wilhelm when it sent the "Notice of Lawsuit" letter, stating:

> [T]he record on appeal is devoid of evidence that Credico – or Pinnacle or the original creditor, for that matter – ever provided Wilhelm with the initial notice of his right to dispute the debt and request verification that is required by § 1692g(a). Absent compliance with this disclosure provision, a threat to sue is an action "that cannot legally be taken" for purposes of § 1692e(5). We refuse to assume from a silent record that the disclosure was provided. If Credico submitted proof of the disclosure to the district court that it omitted from the record on appeal, then reversal is warranted for its inexcusable carelessness in defending the district court's ruling on appeal.

Id. at 419.

On September 2, 2008, Wilhelm filed a motion to reopen discovery and a renewed motion for class certification. See Docket No. 101. The Court denied the discovery motion on December 1, 2008. See Docket No. 126. On December 2, 2008, the Court denied the renewed motion for class certification, finding that Wilhelm failed to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. See Docket No. 127.

The remaining claim is the intent to sue claim brought by Wilhelm. Defendants Credico and Akovenko now move for summary judgment on the ground that their previously-served Rule 68 Offer of Judgment offered the entire amount of relief to which Wilhelm is entitled under the claim. Wilhelm

4

seeks the statutory maximum of damages and actual damages under the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k.

## II.   LEGAL DISCUSSION

### A.   RECOVERABLE DAMAGES

Before the Court will consider the merits of Credico and Akovenko's motion for summary judgment, the Court must first inquire into Wilhelm's claim for statutory and actual damages.  A party may seek damages under the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k. Section 1692k(a) provides:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
>
> (1)    any actual damage sustained by such person as a result of such failure;
>
> (2)(A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> (B)    in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
>
> (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.  On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

On January 6, 2005, defendants Credico and Akovenko served a Rule 68 Offer of Judgment that offered Wilhelm $1,001.00 plus reasonable attorney's fees and costs as agreed by the parties or determined by the Court upon motion.  See Docket No. 27-2.  In a January 6, 2006 motion for

5

summary judgment, Credico sought to dismiss all four of Wilhelm's claims on the grounds that the

previously-served Rule 68 Offer of Judgment mooted the action.  See Docket No. 29.  In its order filed

on April 12, 2006, the Court found it unnecessary to consider whether a Rule 68 Offer of Judgment

can render a case moot because Credico's Rule 68 Offer of Judgment offered statutory damages plus

attorney's fees and costs, but failed to offer the actual damages which Wilhelm sought.  See Wilhelm

v. Credico, Inc., 426 F. Supp. 2d 1030, 1034 (D.N.D. 2006).  The Court specifically stated,

> The Court finds it unnecessary to reach the question of whether a Rule 68 Offer of
> Judgment can render a case moot because it is clear that the Rule 68 offer put forth by
> Credico did not include the actual damages claimed by Wilhelm.  Under the Fair Debt
> Collection Practices Act, an individual may seek both statutory and actual damages.
> While the Rule 68 offer undoubtedly offered the maximum amount of statutory
> damages, attorney fees, and costs Wilhelm could receive, the offer did not include the
> amount of actual damages Wilhelm sought.  Regardless of whether the Eighth Circuit
> would recognize that a Rule 68 offer could render a case moot, the offer made by
> Credico simply did not offer Wilhelm all the relief available to him.  As a result, the
> Court expressly finds that the Rule 68 Offer of Judgment did not render the case moot.

Id.

Subsequent to the Court's order, all of the claims have been dismissed except for Wilhelm's

intent to sue claim.  The Defendants argue that Wilhelm is only entitled to statutory damages plus

attorney's fees and costs if he is successful on the claim because Wilhelm has never sought actual

damages on that claim.  The Defendants contend that Wilhelm only sought actual damages on one

claim, namely the claim for failing to report the debt as disputed:

> In his Complaint, Plaintiff sought recovery of his actual damages related to lost
> opportunities to serve as a local agent for two insurance companies allegedly caused
> by Defendants' alleged failure to report the debt as disputed . . . . Because the Eighth
> Circuit affirmed this Court's ruling granting summary judgment against Plaintiff on the
> failure to report claim, Plaintiff has no remaining claim for actual damages.

See Docket No.  99.

In support of their contention that Wilhelm is not entitled to actual damages on the intent to sue claim, the Defendants cite to a November 16, 2005, deposition of Wilhelm.  In the deposition, Wilhelm stated that he never made any payments on the original Wachovia debt, estimated to be approximately $2400, and further stated that he has not paid anything to Credico or Pinnacle on account of that debt.  <u>See</u> Docket No. 100-3, pp. 79-80.  Wilhelm further acknowledged in his deposition that he is not making a claim for "any medical, psychological, emotional distress type of damages."  <u>See</u> Docket No. 100-3, p. 97.  Because Wilhelm has not expended any money on paying the debt and because he does not seek damages for emotional distress, the Defendants contend that Wilhelm is not entitled to actual damages on the remaining claim.

Counsel for Wilhelm admits that most of the actual "damages doors" have been closed, but contends that one "damage door" remains open, namely the inconvenience that Wilhelm has suffered as a result of Credico sending the "Notice of Lawsuit" letter.  Wilhelm contends that Credico never deposed Wilhelm as to inconvenience damages and that N.D.C.C. § 32-03.2-04(2) provides for such relief.   To justify inconvenience damages, Wilhelm states: "As to whether Wilhelm suffered inconvenience, that fact speaks for itself.  This lawsuit is closing in on 4 years old.  If that isn't 'inconvenience,' the word has no meaning."  <u>See</u> Docket No. 123.

Section 32-03.2-04(2) of the North Dakota Century Code governs economic and non-economic damages for wrongful death or injury to a person arising out of breach of contract or tort.  Wilhelm's intent to sue claim does not arise out of either a breach of contract or a tort.  Therefore, Section 32-03.2-04(2) is inapplicable to this action.

In order for Wilhelm to recover for inconvenience damages, such recovery must be permissible under the Fair Debt Collection Practices Act.  There is limited case law in this circuit as to the types of damages that fall within the term "actual damages" under the Fair Debt Collection Practices Act.

7

Courts which have considered whether inconvenience damages are allowed have concluded that blanket assertions for damages are insufficient. In Krueger v. Ellis Crosby and Associates, Inc., 2006 WL 3791402 (D. Conn. Nov. 9, 2006), the District of Connecticut denied actual damages where the defendant engaged in debt collection efforts without the required state license and initiated collection calls to the plaintiff's manager and friends. The defendant's conduct violated the Fair Debt Collection Practices Act because it did not send the plaintiff a written notice of the debt, as required by 15 U.S.C. § 1692g. The plaintiff alleged that the defendant had caused him "anxiety, embarrassment, inconvenience, and worry." The Court found that these mere allegations were insufficient proof of specific injury to justify an award of actual damages under the Fair Debt Collection Practices Act. That same court did find similar allegations sufficient under a reasonable person analysis when the plaintiff made immediate payments to a creditor after receiving a call from a debt collector who threatened to have the plaintiff arrested, to call the plaintiff's boss, and to subpoena the hard drive to the plaintiff's work computer. See Cooper v. Ellis Crosby and Associates, Inc., 2007 WL 1322380 (D. Conn. May 2, 2007).

In Becker v. Montgomery, Lynch, 2003 WL 23335929, at *2 (N.D. Ohio Feb. 26, 2003), the Northern District of Ohio stated, "'Actual damages not only include any out-of-pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish or emotional distress.' Actual damages are certainly appropriate where the conduct of the debt collector is egregious . . . ."

It is unclear whether a jury or the Court on motion should determine whether Wilhelm is entitled to statutory and actual damages. Compare Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998) (finding that the determination of statutory damages is best left to the district court); Armstrong v. Rose Law Firm, P.A., 2002 WL 461705 (D. Minn Mar. 25, 2002) (in its order addressing cross summary judgment motions the court made a determination as to actual and statutory damages,

denying the plaintiff actual damages because the plaintiff failed to prove actual damages in response to the defendant's summary judgment motion and awarding the plaintiff $1,000 in statutory damages); with Kobs v. Arrow Serv. Bureau, Inc., 134 F.3d 893, 898 (7th Cir. 1998) (finding that the Fair Debt Collection Practices Act provides for jury determination of statutory damages); Crawford v. Credit Collection Services, 898 F. Supp. 699 (D.S.D. 1995) (the court awarded the plaintiff actual damages following a bench trial on the merits of case); Fratzke v. IC Sys., Inc., 2007 WL 1114155 (D. Minn. Apr. 13, 2007) (consolidating two cases for jury determination of actual and statutory damages for violations of the Fair Debt Collection Practices Act).

The Court finds that Wilhelm's claim for actual damages under the Fair Debt Collection Practices Act is extremely weak.  Nonetheless, the Court finds that the determination of actual and/or statutory damages falls within the province of the jury and therefore, with reluctance, reserves the issue of liability and damages for the jury to resolve.


### B.    RULE 68 OFFER OF JUDGMENT

Credico contends that the previously-served Rule 68 Offer of Judgment provided Wilhelm with the maximum relief obtainable on the remaining intent to sue claim and, therefore, there is no Article III "controversy" to litigate.  Credico relies on the following cases: Rand v. Monsanto Co., 926 F.2d 596 (7th Cir. 1991); Zimmerman v. Bell, 800 F.2d 386 (4th Cir. 1986); and Abrams v. Interco Inc., 719 F.2d 23 (2d Cir. 1983).  The Court finds each of these cases distinguishable.

The Court further finds that Credico's previously-served Rule 68 Offer of Judgment does not moot the case.  A controversy remains as to liability as well as the amount of statutory damages and actual damages, if any, that Wilhelm may be entitled to collect if he prevails at trial.  Accordingly, defendants Credico and Akovenko's motion for summary judgment is denied.

**III.** **CONCLUSION**

The Court finds that Credico's Rule 68 Offer of Judgment, although more than reasonable, does not moot the case. The Plaintiff is entitled to a trial on the merits and a jury determination on the issues of liability and damages, if any. For the reasons set forth above, the Defendants' motion for summary judgment (Docket No. 98) is **DENIED**.

In the interests of judicial economy, the Court further orders the parties to a settlement conference to be conducted by Judge Klein within the next three (3) weeks.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2008.

/s/  *Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court